### PAGE MACH. CO. v. DOW, JONES & CO.

(District Court, S. D. New York. December 6, 1915. On Petition for Rehearing, December 14, 1915.)

PATENTS ☞328—VALIDITY AND INFRINGEMENT—PRINTING TELEGRAPH RECEIVER.

The Joy patent, No. 780,664, for a printing telegraph receiver, claim 12, as modified by disclaimer filed April 19, 1909, was not anticipated and is valid; also *held* infringed by defendant's modified machine.

In Equity. Suit by the Page Machine Company against Dow, Jones & Co. On final hearing and rehearing. Decree for complainant.

See, also, 166 Fed. 473; 168 Fed. 703, 94 C. C. A. 209; 200 Fed. 72, 74.

The J. M. Joy patent in suit, No. 780,664, relating to a printing telegraph receiver, has been before this court at various times in recent years, and certain of its claims have been held valid and infringed by the defendant company. 166 Fed. 473. In the original litigation it was substantially held that the claims covered mechanisms for the operation of the type wheel and carriage and for letter spacing and line spacing, each under constant stress, and that the efficiency of the printing machine was due to the operation and control of such elements from a single source of power—a constantly rotating drive shaft which held them intermittently at rest by independent escapements operated by a current passing over the line wire. According to the specification the type wheel escapement magnet and letter spacing or feeding escapement were positioned in the the same circuit; the former being operated by an alternating current from the transmitter at the central station, but without affecting the latter. The rotating type wheel presented the letters to the paper and the direct current which followed the alternating currents operated the printing magnet and released · the letter spacing shaft, causing the type wheel carriage to move a letter space to the right.

On rehearing claim 12 was held too broad and not infringed by defendant's page ticker. On appeal to the Circuit Court of Appeals the decision of this court was affirmed, whereupon the defendant requested the Circuit Court of Appeals to modify its mandate, so as to require a disclaimer of claim 12 in its entirety as a condition of affirmance; but this request was denied. 168 Fed. 703, 94 C. C. A. 209. On April 19, 1909, however, the complainant filed a disclaimer in the Patent Office in the following words: "As to claim 12 of every constantly acting source of power in the combination of elements therein contained excepting a constantly rotating drive shaft." A supplemental bill was then filed, alleging that the defendant company infringed claim 12 as modified by the disclaimer, which view was adopted by this court at the hearing, and an injunction issued.

On June 11, 1912, the complainant moved the court to punish the defendant for contempt on the ground that the latter's machine (Defendant's Exhibit K in evidence) was an infringement of the combination claim in suit and a

violation of the injunction. The evidence showed that in the original infring-ing machine the line spacing mechanism was connected by friction gears, the rock shaft *102* being connected with the escapement of the line spacing ele-ment, and that by alternating the operation the paper was moved upward to make the spaces between the lines, while in the modified machine the line spacing mechanism was operated by a magnet and a ratchet and pawl. The magnet, on becoming energized, closed the battery circuit and actuated the pawl and ratchet, so as to cause the line spacing mechanism to automatically move the paper up and make the spaces between the lines. But such modification did not avoid infringement, and the defendant was held to have violated the injunction. 200 Fed. 72.

No appeal from such decision was taken, and defendant next constructed and used another page ticker, the subject of this controversy, which is asserted by complainant to be an evasion of claim 12 as modified by the disclaimer. The said claim reads as follows: "12. In a printing telegraph receiver, the combination of a type wheel paper feeding mechanism, a constantly acting source of power, and means for continuously feeding the paper without feeding the type wheel as long as said source is supplying power for substan-tially the purposes set forth."

Gifford & Bull, of New York City (J. Edgar Bull and Charles S. Jones, both of New York City, of counsel), for plaintiff.

Newell & Neal, of New York City (Emerson R. Newell, of New York City, of counsel), for defendant.

HAZEL, District Judge (after stating the facts as above). Conced-edly the first three elements of claim 12 are employed by the defendant, but it is contended that infringement is avoided because the fourth element—"means for continuously feeding the paper without feeding the type wheel"—is not embodied in its machine. It is argued that the evidence conclusively establishes the impossibility of feeding the paper in defendant's present machine without feeding the type wheel to the right and spacing the letters, and that there can be no continu-ous feeding of the paper upward or in the direction of its length with-out advancing the carriage a letter space, and that accordingly such structure is different in principle and mode of operation from com-plainant's. But on consideration I am of another opinion. I believe that the structures are still substantially identical, that they perform their functions in substantially the same way, and accomplish practi-cally the same result. The difference in organization has not pro-duced different modes of operation, except in a single instance, which is not sufficient to avoid infringement.

The specification in suit describes means for continuously feeding the paper for successive line spacing without in any way advancing or rotating the type wheel, while in defendant's present machine (De-fendant's Exhibit L) the paper is fed for line spacing from an initial position or from the first letter space; the circuit to the paper feed magnet being closed and the armature attracted until the finger *30* on the carriage is pulled out from the contact springs *33*. To break the circuit to the paper feed magnet it is necessary that the type wheel be fed out to the right from its initial position at least a letter space. There can then be no further feeding of the paper until the pawls are raised from the racks and the type wheel carriage shifted back to the extreme left, for by such return movement only can the circuit be broken and the paper fed a second line space.

The contention that in defendant's machine the paper cannot be fed without feeding the type wheel, as that phrase is explained herein, is unpersuasive, as it is clear that the line spacing may be continuous at the desire of the operator so long as the continuously rotating drive shaft supplies power to the letter spacing shaft. Obviously there can be no feeding of the paper or of the type wheel if the drive shaft is not rotated as the various instrumentalities are actuated only by means of said drive shaft *34*—the essential element of the claim—which is maintained in constant readiness to respond to the line spacing mechanism. I think that the words "without feeding the type wheel" imply that the paper may be fed continuously while the drive shaft is being rotated, without feeding the type wheel as it was necessary to do in the prior Merritt & Joy machine of which the patent in suit is an improvement. There is nothing in the prior art to require the literal interpretation of the claim demanded by the defendant or to limit it to the exact means for continuously feeding the paper without feeding the type wheel.

In the Merritt & Joy patent No. 558,506, as was, I think, pointed out in the prior litigation, it was necessary that the type wheel should be fed to the right a number of spaces, so as to generate power in the spring *36* which effected the feeding of the paper on the return of the carriage by a pin coming in contact with a bent wire actuating a pawl and ratchet on the paper feed roll and within the line spacing mechanism. Such a feeding of the paper was not the feeding of the patent in suit. So also in the Joy patent, No. 676,137, it was important that the type wheel carriage should be first shifted a considerable distance to the right in order that the bent wire, used also to actuate a pawl and ratchet, might be brought into use for actuating the line spacing feature. The paper in such machine was fed by the return of the carriage and not, as in the defendant's present machine, by the movement of a magnet armature. In both complainant's and defendant's machines the rotative drive shaft obviated the necessity of feeding the type wheel carriage to obtain power from a spring so as to actuate the paper feed, and a fair and reasonable construction of claim 12 is that the phrase "without feeding the type wheel" relates to means for achieving a successive upward movement of the paper for line spacing without the necessity of first feeding the type wheel so as to obtain power to achieve such end. Such a construction finds support not only in the oral evidence, but also in the specification of the Joy patent in suit wherein it refers to the movement of the type wheel in the former machine (patent No. 676,137), stating that in the present invention "the paper may be fed line by line without feeding the printing wheel."

But defendant insists that claim 12, as modified by the disclaimer, is also anticipated by the patents to Wright, No. 460,328 and 466,858, and to Essick, No. 531,677. The Wright patent, No. 466,585, though it had a rotating type wheel shaft and a rotating shaft for line spacing, is not anticipatory as the said shafts were operated by independent motors, and the machine, unlike complainant's and defendant's machines, was incapable of immediate action on a plurality of mechan-

isms. In patent No. 460,328, the rotating motor did not rotate the letter spacing mechanism, for while the type wheel shaft was intermittently rotated by a constantly rotating motor, the letter spacing shaft was rotated by a magnet, and the line spacing mechanism by a weight and cord. As the combination in suit was not suggested by the disclosures of the Wright patents, they are not anticipatory.

The Essick patent concededly has no constantly rotating motor shaft, although it embodies a number of the features of complainant's patent, including a magnet feed in place of the bent wire line spacing mechanism of the Merritt & Joy patent; but as the claim in controversy is for a combination of elements achieving a new and novel result, its separate elements found in different machines of the prior art certainly do not anticipate it. In my opinion it was not an obvious thing to take an element such as the magnet feed from a prior ticker machine and position the same in another machine, operated on a different principle, in such a way as to secure the required cooperation with other elements and instrumentalities. This was the achievement of an inventor.

It is unnecessary to set forth in detail the method by which additional line spacing was secured in the machines employed by the parties to the litigation. But briefly stated: The type wheel was actuated by keys on a transmitter keyboard, a letter spacing key, and the return key, each having blank spaces. On depressing the blank letter space key the type wheel moved one letter space to the right, and on depressing the return key the type wheel shaft and letter spacing shaft rotated causing the pawls to disengage the rack and the type wheel carriage to slide to the right. After the blank letter spacing key, the return key, instead of the repeat key, was struck to avoid so-called skating through and to secure uniformity of operation in the different machines when a message was sent. While two motions were required of the operator instead of one to effect an additional line space, this in my opinion was not substantially the feeding of the carriage of the prior Merritt & Joy machine. Defendant's initial movement of the type wheel carriage to the right was not made to create power for feeding the paper, but was merely an incidental step in the line spacing operation, and was not a feeding analogous to that of the prior art.

My conclusion is that the defendant company in its present machine has not succeeded in avoiding the claim with which we are herein concerned, and that in its adaptation of prior infringing machines it still infringes complainant's patent by equivalent means which achieve substantially the same result. Even if defendant has succeeded in avoiding the letter of the claim, the charge of infringement, in the circumstances herein presented, is nevertheless made out. Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 18 Sup. Ct. 707, 42 L. Ed. 1136.

The complainant may enter a decree for an injunction and an accounting, with costs.

### On Petition for Rehearing.

A petition for rehearing has been filed, specifying error in the interpretation of claim 12 as set forth in the original opinion. It is contended that the effect of such interpretation is to disregard an important feature of the claim, namely, the expression "without feeding the type wheel" in connection with means for continuously feeding the paper for line spacing. The specification in suit, it is true, with considerable detail sets forth means for feeding the paper line by line without moving or rotating the type wheel in either direction, the same remaining in a fixed position.

Now the controlling question is whether the claim as modified by the disclaimer is strictly limited to a mechanism for continuously feeding successive line spaces without permitting any movement whatever of the type wheel. The answer must be found in a consideration of the Merritt & Joy patent in connection with the improvement in suit, for, as heretofore stated, in the former patent the paper was fed by the return movement of the carriage which contacted it with the lever (Figure 2) and depressed the type wheel actuating the rolls for feeding the paper, and it was absolutely necessary for the type wheel to be fed forward in order to feed the paper for line spacing. Now, does the defendant avoid infringement by modifying its machine so that the paper cannot be fed a second line space (quoting from defendant's brief) "without feeding the type wheel a true letter space movement; that is, feeding it out to at least the second letter space and returning it again"?

From my examination of the Merritt & Joy machine and the prior art generally in connection with the present invention, I have no doubt that in the patent in suit the phrase "without feeding the type wheel" was intended to mean without moving it to the right for creating power to directly feed the paper for line spacing on the return of the carriage, as I have heretofore explained was done in the Merritt & Joy structure. Such a construction, however, defendant urges is equivalent to reading out of the claim entirely the words "without feeding the type wheel," and McCarty v. Lehigh, 160 U. S. 110, 16 Sup. Ct. 240, 40 L. Ed. 358, and Westinghouse v. New York, 119 Fed. 874, 56 C. C. A. 404, are cited in support of the argument that no element, not present, is readable into a claim for the purpose of making out a case of invalidity or infringement. But such adjudications do not apply to the present case as the movement of the type wheel carriage to the right in defendant's machine is not expressly for the purpose of feeding the paper as in the Merritt & Joy patent. Indeed, defendant's movement of the type wheel one letter space to the right for successive line spacing occurs because of the operation of keys at the transmitting office which method of operation also obtains in complainant's machine.

There is no substantial feeding of the type wheel in defendant's machine, but merely a negligible movement to the right, which certainly does not successfully avoid the intendment of the specification and claim, whatever may be said of the phraseology of the latter. But it is urged that the claim as interpreted does not inform the public how

the machine may be constructed; that if the type wheel, in spite of the plain wording of the claim, may be moved any number of spaces, so long as it is not fed by the movement of the carriage, then manifestly the claim is unduly broadened. It is not within the province of the court to point out how far to the right the type wheel can be moved on the shaft without infringement, but it is sufficiently clear that in defendant's adaptation the movement of the carriage was not to create power for feeding the paper which, as in complainant's machine, is fed by the constantly rotating drive shaft (when in rotation), and the slight initial movement cannot, I think, be considered as anything other than an evasion of the claim.

A decree may now be entered, but on notice to the solicitor for the defendant.